IN THE MATTER OF THE ESTATE OF
DAVID VIALET, DECEASED

Probate No. 29/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 18, 1988

EDITH L. BORNN, ESQ., St. Thomas, V.I., *for the estate*

BARBARA J. TWINE, ESQ., St. Thomas, V.I., *for heirs at law, Isabelle Scherzi, Jeanette Woodland and Margaret Philipson*

CHRISTIAN, *Senior Sitting Judge*

## ADJUDICATION GRANTING MOTION FOR PARTIAL DISTRIBUTION

This matter is before the Court on Motion of Isabelle Scherzi, Margaret Philipson and Jeanette Woodland, who are all heirs at law and testamentary heirs of decedent, captioned "Motion for Distribution of Assets Pending Appeal and Escrow Account Deposit," dated July 22, 1988. This is really a motion for partial distribution pursuant to 15 V.I.C. § 451.

In deference to, and full observance of, the principle that the trial court loses jurisdiction as to any subject under appeal, this Court is taking action on this motion as it is fully convinced that its action in no way relates to the subject on appeal; that its action can in no way interfere with the jurisdiction of the appellate court on the particular subject on appeal, however the appellate court elects to act on the appeal; and that its action on the motion in no way prejudices the rights of the appellant. On the other hand, by acting on the motion, the purpose of the Court is to bring to an end the

intolerably long period of time these heirs, who of their own estate are not wealthy, have been compelled to wait to receive their inheritance.[1] For them, this delay has been a truly agonizing and frustrating experience. And the instant motion is their appeal to the Court for some relief.

In acting on the Motion, the Court makes the following findings:

1. That the only personal property left by deceased was cash in the amount of $57,895.00, as shown on the Verified Inventory, the Appraiser's Report and the Court's Order dated June 16, 1988, amended July 5, 1988, fixing fee of attorney for the estate.

2. That as per document dated May 12, 1988, filed by Edith L. Bornn, Attorney for the Estate, entitled "INFORMATION AS PER FINAL ACCOUNTING FORMULA," this amount was increased by

| | |
|---|---:|
| (a) Rents collected | $ 3,746.60 |
| (b) Interest Income | 7,918.61 |
| (c) Sales of realty | |
|    (i) No. 14 Bovoni | 202,500.00 |
|    (ii) No. 18L Bovoni | 120,150.00 |
| making a grand total of | $ 392,210.21 |

3. That the real estate left by decedent as per Inventory and Appraisement Report dated July 7, 1980, consisted of the following:

| | |
|---|---:|
| Parcels Nos. 14 & 18, 81.5 acres, Estate Bovoni, Western Portion of Nos. 1 & 2 Frenchman's Bay Qtr., land and improvements | $ 2,500,000.00 |
| Cas Cay, Nos. 1 & 2 Frenchman's Bay Quarter | 50,000.00 |
| No. 15 Commandant Gade Over Vandet, King's Quarter, St. Thomas, V.I. 2,000 sq. ft. plus or minus—unimproved | 8,000.00 |
| 1/9 (= 0.22 acres) undivided interest at Coki Point No. 4A Estate Frydendahl, East End Quarter | 10,000.00 |
| A Portion (5 acres) of No. 12 Estate Bovoni, Western Section, Frenchman's Bay Quarter | 125,000.00[2] |

---

[1] Decedent died on November 9, 1979; probate administration of his estate was begun on April 14, 1980; and Letters Testamentary were issued on May 2, 1980.

[2] That by Order of the Court dated November 18, 1988, granting Petition for Sale of Real Property, dated July 9, 1987, 10 acres of Parcels 14 and 18 Estate

4. That the following specific devises were made by decedent:

(a) ½ acre of land to David Vialet selected by devisee from any of the real estate left by decedent. According to Petition for Distribution and draft Adjudication filed by the attorney for the estate this half acre appears to have been chosen from Parcel No. 18 Estate Bovoni and is now described as Parcel 18E.

(b) The cottage above decedent's dwelling house which, according to said documents, was carved out of Parcel No. 18 Estate Bovoni and is now described as 18C Estate Bovoni, to Isabelle Scherzi.

(c) His dwelling house, according to said filings, was devised to Margaret Philipson, and now bears the description No. 18D Estate Bovoni.

(d) The Castle was devised to his son Leon and, according to aforesaid filings, now carries the description 18E Estate Bovoni.

(e) The Trailer was given to Jeanette Woodland.[3] According to aforesaid filings, the land subdivided for use of the Trailer carries the description 18D Estate Bovoni.

(f) The precatory gift of Cas Cay to the Government of the Virgin Islands was effectuated by legislation finalizing a settlement between the Government of the Virgin Islands and the heirs of decedent.

5. This leaves the following real estate subject to Paragraph FIFTH of the Will, the residuary clause, which names decedent's

---

Bovoni, which totaled 81.5 acres, was sold. From the wording of the petition we conclude that the entire Parcel No. 14 consisted of five acres only, and therefore the whole of that parcel was conveyed as a result of the sale. This parcel, then, must be excluded from the realty appearing on the subsequent documents filed in the administration. Since both Parcels 14 and 18 consisted of 81.5 acres and the total acreage sold was ten acres, we conclude that we are left with Parcel 18 consisting now of 71.5 acres. It is not clear to us what is meant by the entry on the amended Inventory dated May 3, 1983, before any sale was made in the words: "Remainder of Parcel No. 18 Estate Bovoni 76.0 acres." Even if the 5-acre subdivision eventually sold was deducted, the remainder of Parcel 18 should be 71.0 acres as appears at the beginning of this footnote.

[3] While the trailer per se would be personalty, all the above-mentioned specific gifts were made by the devisor with the addition and benefit of the following language: "[a]ll the above shall be with sufficient land for the use of the devised properties."

four children, namely: Leon Vialet, Jeanette Woodland, Margaret Philipson and Isabelle Scherzi as his residuary beneficiaries, entitled to all the remainder of his estate, real and personal, to wit:

(a) The remainder of Parcel 18 Estate Bovoni, or the original 76.5 acres less the 5 acres sold to Ernest Marzano (No. 18L Estate Bovoni), and Parcels Nos. 18C, 18D, 18E, 18F, and 18G subdivided and conveyed, by direction of Paragraph FIFTH of the Will, to Isabelle Scherzi, Margaret Philipson, Leon Vialet, David Vialet and Jeanette Woodland, respectively, to be divided among decedent's four children, share and share alike.

(b) No. 15 Commandant Gade, O.V., King's Quarter, St. Thomas, Virgin Islands, consisting of 2000 sq. ft., more or less.

(c) 1/9 part (0.22 acre, more or less) undivided interest at Coki Point, No. 14A Estate Frydendahl, East End Quarter, St. Thomas, Virgin Islands.

(d) A portion (five acres) of No. 12 Estate Bovoni, Western Part, Frenchman's Bay Quarter, St. Thomas, Virgin Islands.

6. That the total expenses as per vouchers submitted to the Court or agreed to by the heirs are as follows:

| | | |
|---|---|---|
| Court Costs | $ 7.00 | Exhibit # 1 |
| Publication—Notice to Creditors | 77.75 | Exhibit # 2 |
| *MEDICAL EXPENSES* | | |
| Doctor's Expenses | 390.00 | Exhibit # 3 |
| Hospital Expense | 355.20 | Exhibit # 4 |
| *REAL PROPERTY EXPENSES* | | |
| Electrical Charges | 6,450.90 | Exhibit # 5 |
| Maintenance Expense | 278.26 | Exhibit # 6 |
| Real Property Taxes | 22,475.36 | Exhibit # 7 |
| Reimbursement to Margaret Philipson for advances | 2,044.69 | Exhibit # 8 |
| Reimbursement to David Vialet for Travel | 413.00 | Exhibit # 9 |
| Richard Philipson—Maintenance | 2,948.00 | Exhibit #10 |

41

| | | |
|---|---|---|
| Appraiser's Fee | 3,000.00 | Exhibit #11 |
| Retainer for costs and to | | |
|    Edith L. Bornn ($2,000.00 | 7,200.00 | Exhibit #12 |
|    reserved) | | (On Appeal) |
| Fred Vialet—Reimburse- | | |
|    ment for payment of fu- | | |
|    neral expenses | 2,803.88 | Exhibit #13 |
| Reimbursement to David | | |
|    Vialet for electrical re- | | |
|    pairs | 135.00 | Exhibit #14 |
| Surveyor's fee | 15,660.00 | |
| Clarice Bryan, Esquire | 2,772.00 | |
| Publication of Final Ac- | | |
|    counting | 145.00 | |

TOTAL DISBURSEMENTS     $59,956.04

7. That this leaves a cash balance subject to distribution to the four residuary legatees of $332,254.17, minus the $87,100.00 attorney's fee on appeal,[4] which should be deposited in the registry of the Court, plus an additional $5,000.00 to cover costs on appeal to be supplied from appellant's own funds; or undertaking with sufficient sureties, approved by the Court, filed in lieu of the cash bond.

8. The Court is not unaware of the provision in 15 V.I.C. § 451, authorizing partial distribution(s), that the court is clothed with discretion whether to require the distributee(s) in question to file a bond as a precondition to the Court granting the motion for partial distribution before the administration is completely closed. It is the Court's position that, given the peculiar facts of this case, a sound exercise of that discretion demands that the posting of the bond should not be required, would serve no useful purpose.

9. That, accordingly, the estate is now ready to be closed, with the exception of a final decision on the amount of fee to which the attorney for the estate is entitled.

---

[4] It is noteworthy, as pointed out in the last sentence of Paragraph 3 of our Order dated August 8, 1988, that appellant's appeal was never perfected. Appellant was given ten days from July 21, 1988, to file a Bond on Appeal to be approved by the Court. Instead, appellant filed the Motion dated July 29, 1988, which, by Order of August 8, 1988, we pointed out was inapposite.

The premises considered, and the Court being fully advised and satisfied therein, it is hereby

ORDERED, ADJUDGED and DECREED that, pursuant to 15 V.I.C. § 451, partial distribution of the estate is made as follows:

The following are the legal heirs of the decedent, David Vialet, and as such are hereby placed in full possession of the estate of decedent, and shall be entitled thereto, and share therein, as follows:

A. *Real Property Devised to Specific Persons and Entities under the Will:*

1. GOVERNMENT OF THE VIRGIN ISLANDS—
>
> Cas Cay,
> Nos. 1 & 2 Frenchman's Bay Qtr.
> St. Thomas, Virgin Islands

(Subject to the donation by the Government of the Virgin Islands for exclusive use as a bird sanctuary, and for the purpose of preserving the Cay in its natural state for the perpetual enjoyment of the people of the Virgin Islands, and the set-off by the Government of the Virgin Islands against any inheritance or other taxes due from decedent's heirs and estate.)

2. DAVID VIALET—
>
> Parcel No. 18F Estate Bovoni
> Nos. 1 & 2 Frenchman's Bay Qtr.
> St. Thomas, Virgin Islands

B. *Real Property devised to the four children of decedent under the Will:*

To LEON VIALET—
>
> Parcel No. 18E Estate Bovoni
> Nos. 1 & 2 Frenchman's Bay Qtr.
> St. Thomas, Virgin Islands
>
> One-quarter interest in
> Remainder of Parcel No. 18
> Estate Bovoni, Nos. 1 & 2
> Frenchman's Bay Qtr.
> St. Thomas, Virgin Islands
>
> One-quarter of a one-ninth
> interest in Pcl. 4A Coki Point,
> St. Thomas, Virgin Islands

43

One-quarter interest in
Pcl. No. 15 Commandant Gade
King's Quarter
St. Thomas, Virgin Islands

To JEANETTE WOODLAND—

Parcel No. 18G Estate Bovoni
Nos. 1 & 2 Frenchman's Bay Qtr.
St. Thomas, Virgin Islands

One-quarter interest in
Remainder of Parcel No. 18
Estate Bovoni, Nos. 1 & 2
Frenchman's Bay Qtr.
St. Thomas, Virgin Islands

One-quarter of a one-ninth
interest in No. 4A Coki Point,
Estate Frydendahl,
St. Thomas, Virgin Islands

One-quarter interest in
Pcl. No. 15 Commandant Gade
King's Quarter,
St. Thomas, Virgin Islands

To ISABELLE SCHERZI—

Parcel No. 18C Estate Bovoni
Nos. 1 & 2 Frenchman's Bay Qtr.
St. Thomas, Virgin Islands

One-quarter interest in
Remainder of Parcel No. 18
Estate Bovoni, Nos. 1 & 2
Frenchman's Bay Qtr.
St. Thomas, Virgin Islands

One-quarter of a one-ninth
interest in No. 4A Coki Point,
Estate Frydendahl,
St. Thomas, Virgin Islands

One-quarter interest in
Pcl. No. 15 Commandant Gade
King's Quarter,
St. Thomas, Virgin Islands

To MARGARET PHILIPSON—

Parcel No. 18D Estate Bovoni
Nos. 1 & 2 Frenchman's Bay Qtr.
St. Thomas, Virgin Islands

One-quarter interest in
Remainder of Parcel No. 18
Estate Bovoni, Nos. 1 & 2
Frenchman's Bay Qtr.
St. Thomas, Virgin Islands

One-quarter of a one-ninth
interest in No. 4A Coki Point
Estate Frydendahl,
St. Thomas, Virgin Islands

One-quarter interest in
Pcl. No. 15 Commandant Gade
King's Quarter,
St. Thomas, Virgin Islands

C. *Personal Property:*

To LEON VIALET—

One Quarter interest in
personal property, including
cash in the amount of $86,288.54,
which does not include the
amount of the attorney's fee on
appeal, which is subject to the
decision on appeal.

To JEANETTE WOODLAND—

One-quarter interest in
personal property, including
cash in the amount of $86,288.54,
which does not include the
amount of the attorney's fee
on appeal, which is subject to
the decision on appeal.

To ISABELLE SCHERZI—

One-quarter interest in
personal property, including
cash in the amount of $86,288.54,
which does not include the
amount of the attorney's fee

45

on appeal, which is subject to the decision on appeal.

To MARGARET PHILIPSON—

One-quarter interest in personal property, including cash in the amount of $86,288.54, which does not include the amount of the attorney's fee on appeal, which is subject to the decision on appeal.

D. All remaining assets of the Estate of decedent, if any be found to exist, shall be divided equally between LEON VIALET, JEANETTE WOODLAND, ISABELLE SCHERZI and MARGARET PHILIPSON, share and share alike.

E. All awards to heirs are subject to deduction for any advances or withdrawals previously made.

It is further ORDERED, that upon the signing of this Adjudication by the Court; the recording of same in the Office of the Recorder of Deeds in St. Thomas, Virgin Islands; the filing with the Court of all receipts and vouchers evidencing the payment of all claims against the estate, expenses of administration of the estate, and all legacies made by the decedent; and full compliance with the decision on the issue on appeal, the Executor shall be, and hereby is, discharged from the obligations of his trust.